J-S66042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD J. GRIFFITHS, | : | |
| | : | |
| Appellant | : | No. 911 WDA 2015 |

Appeal from the PCRA Order Entered May 6, 2015,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002122-1998

BEFORE: OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JANUARY 05, 2016**

Richard J. Griffiths (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On October 16, 1998, Appellant pled guilty to four counts each of involuntary deviate sexual intercourse (IDSI), aggravated indecent assault, and indecent assault, and to two counts of corruption of minors. He was sentenced originally to an aggregate term of 53 to 106 years of imprisonment to be followed by ten years of probation, but following post-sentence motions, the trial court resentenced Appellant to an aggregate term of 33 to 66 years of imprisonment to be followed by ten years of probation. Appellant timely filed an appeal, and this Court affirmed

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant's judgment of sentence on December 16, 1999. ***Commonwealth v. Griffiths***, 750 A.2d 368 (Pa. Super. 1999) (unpublished memorandum). Appellant filed a petition for allowance of appeal to our Supreme Court, which denied the petition on September 5, 2000. ***Commonwealth v. Griffiths***, 761 A.2d 548 (Pa. 2000).

Appellant filed his first PCRA petition on November 14, 2001, and the PCRA court denied it on the basis that it was untimely filed. On March 25, 2015, Appellant *pro se* filed a "Post-Sentence Motion 'Nunc Pro Tunc,'" which the PCRA court treated as a PCRA petition.[1] Therein, Appellant claimed that his sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), and its progeny.[2] From a generous reading of the petition, it appears that Appellant alleged the petition is filed timely based on the newly-discovered-facts[3] and new-constitutional-right exceptions to the PCRA

---

[1] "It is ... well-settled that 'the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.'" ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (quoting ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002)).

[2] Appellant also requested the appointment of counsel, which the PCRA court denied. Appellant reiterates his request in his brief to this Court. We observe that, as the PCRA correctly explained, counsel shall be appointed "[o]n a second or subsequent petition[] when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, **and** an evidentiary hearing is required … ." Pa.R.Crim.P. 904(D) (emphasis added). Thus, Appellant is not entitled to the appointment of counsel herein.

[3] In his petition, Appellant purports to assert the following as a timeliness exception: "the unavailability at the time of trial of exculpatory evidence that

time-bar, 42 Pa.C.S. § 9545(b)(1)(ii)-(iii), as well as the general proposition that legality-of-sentence claims cannot be waived. PCRA Petition, 3/25/2015, at 4-6. On April 15, 2015, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 on the basis that the petition was filed untimely and the court lacked jurisdiction to consider it. On May 6, 2015, the PCRA formally dismissed the petition. This appeal followed.

The timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("'[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim

---

has subsequently bec[o]me available and would [have] changed the outcome of sentencing if it had been introduced at sentencing." PCRA Petition, 3/25/2015, at 4 (unnecessary capitalization, quotation marks, and punctuation omitted). In so doing, Appellant misquotes 42 Pa.C.S. § 9543(A)(2)(vi), which sets forth a substantive claim regarding after-discovered evidence that may entitle a petitioner to PCRA relief; it is not one of the exceptions to the PCRA time-bar. Thus, we assume that Appellant intended to use ***Alleyne*** as the basis for the newly-discovered-facts exception to the timeliness requirement.

- 3 -

was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1)-(2).

Appellant filed the 2015 petition more than a decade after his judgment of sentence became final. Thus, the petition is facially untimely, and the PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Appellant's reliance on *Alleyne* does not satisfy the exceptions he seeks to invoke. With respect to the newly-discovered-facts exception, "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (citing *Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011)). Moreover, Appellant cannot satisfy the exception in section 9545(b)(1)(iii) because "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa. Super. 2015) (holding that *Alleyne* does not apply retroactively to cases on collateral review).

Finally, with respect to Appellant's contention regarding legality-of-sentence claims and waiver, we note that

an issue pertaining to **Alleyne** goes to the legality of the sentence. It is generally true that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.* However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.

**Miller**, 102 A.3d at 995 (citations and internal quotation marks omitted).

Because Appellant's PCRA petition was untimely filed, the PCRA court properly dismissed Appellant's petition for lack of jurisdiction. Accordingly, we affirm the PCRA court's May 6, 2015 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016

- 5 -